**George WILSON, Petitioner–Appellant,**

v.

**William MAZZUCA, Respondent–Appellee.**

**No. 03–2459.**

United States Court of Appeals, Second Circuit.

Jan. 5, 2005.

Sally Wasserman, New York, NY, for Petitioner–Appellant.

Nisha M. Desai, Assistant Attorney General (Michael S. Belohlavek, Deputy Solicitor General, Robin A. Forshaw, Assistant Solicitor General, Eliot Spitzer, Attorney General of the State of New York, on the brief), New York, NY, for Respondent–Appellee, of counsel.

Present: FEINBERG, STRAUB, and RAGGI, Circuit Judges.

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment is VACATED and the case is REMANDED to the District Court.

Petitioner–Appellant George Wilson appeals from the June 3, 2003 judgment of the United States District Court for the Eastern District of New York (David G. Trager, *Judge*), denying Wilson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Wilson was convicted, after a jury trial, in the Supreme Court of the State of New York, Queens County, of robbery in the first degree, and was sentenced to an indeterminate prison term of seven and one-half to fifteen years.

Wilson filed a § 2254 petition in the District Court seeking habeas relief on, *inter alia*, the ground that he had received ineffective assistance of counsel at his trial. The District Court, adopting the Report and Recommendation of Magistrate Judge Robert M. Levy, denied Wilson's petition. On January 22, 2004, we granted a certificate of appealability on Wilson's ineffective assistance of counsel claim. Familiarity with the facts of this case and its procedural history is assumed.

Wilson's ineffective assistance of counsel claim rests on the following six instances of conduct by his trial counsel: (1) counsel, by presenting Carolyn Younger's testimony about Wilson's character, opened the door to the admission of Wilson's prior arrests and convictions; (2) counsel attacked the quality of the police investigation of the robbery, which, as counsel was warned that it would, opened the door to evidence of an additional identification of Wilson by the complainant on the day of the robbery; (3) counsel declined to have redacted a mugshot of Wilson offered into evidence that showed Wilson with a booking plate hung around his neck; (4) counsel elicited from the complainant that he was reluctant to testify against Wilson because he feared reprisal; (5) counsel placed into evidence an unrelated police report documenting Wilson's prior arrest for armed offenses; and (6) counsel failed to object to the commencement of deliberations on the eve of Yom Kippur, a Tuesday, when the court reporter would be unavailable for readbacks from late Tuesday afternoon until Thursday morning.

Although the state argues that defense counsel had strategic reasons for his conduct, "with the record before us, we are unable to assess with confidence whether strategic considerations accounted for" certain acts or omissions by defense counsel that had the effect of substantially strengthening the state's otherwise weak case. We therefore remand to the District Court to afford Wilson's trial counsel the opportunity to explain his actions. *See Eze v. Senkowski*, 321 F.3d 110, 136 (2d Cir.2003) (remanding for a hearing because, "[w]hile it is fundamental that acts and omissions that could be considered sound trial strategy do not rise to the level of deficient performance under *Strickland,* we cannot presently conclude that [petitioner's] counsel's actions were grounded in trial strategy"); *Sparman v. Edwards*, 154 F.3d 51, 52 (2d Cir.1998) (per curiam) ("We believe that a district court facing the question of constitutional ineffectiveness of counsel should, except in highly unusual circumstances, offer the assertedly ineffective attorney an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs."). Since the District Court concluded that the record suggested a plausible strategy to explain defense counsel's decisions, it had no reason to solicit his testimony regarding trial tactics. The present record does not permit us to reach the same conclu-

338

sion; we find that "the record fails to suggest any plausible trial strategy" for at least some of the acts or omissions about which Wilson complains. *Eze*, 321 F.3d at 129. Given our concern that a *Strickland* violation may have occurred in this case, we consider it prudent to proceed by remanding to the District Court so that it can hear from defense counsel. *See Jackson v. Leonardo*, 162 F.3d 81, 86 (2d Cir. 1998) (where the circuit court finds a *Strickland* violation, "the usual practice should be to remand ... to the district court to permit the attorney in question to testify and explain her actions"). The District Court should determine, in light of counsel's testimony, whether his acts and omissions were indeed part of a sound trial strategy. *See Pavel v. Hollins*, 261 F.3d 210, 218 (2d Cir.2001) (a strategic decision is a "conscious, reasonably informed decision made by an attorney with an eye to benefitting his client").

For the reasons stated above, we VACATE the judgment of the District Court denying Wilson's petition for a writ of habeas corpus and REMAND with instructions to give Wilson's trial counsel an opportunity to explain his performance. The District Court should thereafter enter a judgment consistent with its findings. If further proceedings arising from Wilson's habeas petition are required in this Court, the parties shall inform the Clerk of this Court. Jurisdiction will then be automatically restored to this Court without need for a new notice of appeal. *See United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir.1994). After jurisdiction is restored, the Clerk shall calendar the renewed appeal in the manner customary for a new appeal.